1  Mei Tsang, Esq. (SBN 237959)
   mtsang@fishiplaw.com
2  Joseph Andelin, Esq. (SBN 274105)
   jandelin@fishiplaw.com
3  Fish & Tsang, LLP
   2603 Main Street, Suite 1000
4  Irvine, California 92614-4271
   Telephone: 949-943-8300
5  Facsimile: 949-943-8358

6  Attorneys for Plaintiff, Opus One Corporation.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, THE SOUTHERN DIVISION

| | |
|---|---|
| Opus One Corporation dba Contest Factory, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>Strutta, a Canadian corporation,<br><br>    Defendant. | **Civil Action No.** 8:16-cv-561<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff, by and through its attorneys of record, alleges as follows:

## PARTIES

2. Plaintiff Opus One Corporation dba Contest Factory ("Opus One"), is a corporation organized and existing under the laws of the State of California, with a place of business at 12841 Newport Avenue, Tustin, CA 92780, USA.

3. Upon information and belief, Defendant Strutta ("Strutta" or "the Defendant") is a wholly owned corporation organized and existing under the laws of Canada, with its principal place of business at 300-128 W Hastings St. Vancouver, BC, Canada.

## SUBJECT MATTER JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## BACKGROUND

5. Opus One protects its technologies through a broad range of intellectual property rights. Among the patents that Opus One has been awarded are the utility patents listed below to which Opus One owns all rights, title, and interest.

| Patent Number | Title |
| --- | --- |
| 7,162,433 (the '433 patent) | System and method for interactive contests |
| 8,019,641 (the '641 patent) | System and method for interactive contests |
| 8,655,715 (the '715 patent) | System and method for interactive contests |

## COUNT ONE: INFRINGEMENT OF THE '433 PATENT BY STRUTTA

6. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-5.

7. The '433 patent is valid and enforceable.

8. Upon information and belief, and in violation of 35 U.S.C. § 271, Strutta has infringed the '433 patent through direct infringement and infringement under the doctrine of equivalents. Since at least 2011, Strutta has offered for sale, sold, designed, operated, or administered infringing contests in the United States, including offering for sale and designing contests based on a template that infringes the '433 patent.

9. Strutta has also offered for sale, sold, designed, operated, or administered at least the following infringing contests in the United States: the Men's Health + Facebook Contest (a contest that took place in summer 2011), the Maggiano's Bliss List Contest (a contest which ran in 2015, picking winners on March 30, 2015), and Airbnb Destination: Honeymoon Contest (a contest that concluded in September 2011) (hereinafter "the Contests"). Specifically, the Contests infringe the subject matter protected by claim 1 of the '433 patent.

10. Some of Strutta's acts constituting infringement of claim 1 of the '433 patent are detailed in Exhibit 1, attached.

11. Upon information and belief and in violation of 35 U.S.C. § 271, the Defendant also contributed to or induced infringement of claim 1 of the '433 patent.

12. As a direct and proximate result of the Defendant's acts of infringement, Plaintiff suffered damages in an amount according to proof at trial. Plaintiff is entitled to recover compensatory damages totaling no less than a reasonable royalty.

13. Strutta continues to offer for sale, sell, design, operate, or administer contests based on a template that infringes the '433 patent.

14. Unless the Defendant is enjoined by this Court from continuing its infringement of the '433 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Plaintiff is entitled to an injunction against further infringement.

15. Upon information and belief, the Defendant had constructive notice of the '433 patent as of the date of issuance, January 9, 2007. In addition, Opus One has practiced the patented technology on its website, www.makeastar.com, since at least the date of issuance of the '433 patent.

## COUNT TWO:  INFRINGEMENT OF THE '641 PATENT BY STRUTTA

16. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-5.

17. The '641 patent is valid and enforceable.

18. Upon information and belief, and in violation of 35 U.S.C. § 271, Strutta has infringed the '641 patent through direct infringement and infringement under the doctrine of equivalents.  Since at least 2011, Strutta has offered for sale, sold, designed, operated, or administered infringing contests in the United States, including offering for sale and designing contests based on a template that infringes the '433 patent.

19. Strutta has also offered for sale, sold, designed, operated, or administered at least the following infringing contests in the United States: the Men's Health + Facebook Contest (a contest that took place in summer 2011), the Maggiano's Bliss List Contest (a contest which ran in 2015, picking winners on March 30, 2015), and Airbnb Destination: Honeymoon Contest (a contest that concluded in September 2011) (hereinafter "the Contests"). Specifically, the Contests infringe the subject matter protected by claim 1 of the '641 patent.

20. Some of Strutta's acts constituting infringement of claim 1 of the '641 patent are detailed in Exhibit 2, attached.

21. Upon information and belief and in violation of 35 U.S.C. § 271, Strutta also contributed to or induced infringement of one or more of the claims of the '641 patent.

22. As a direct and proximate result of Strutta's acts of infringement, Plaintiff has suffered damages in an amount according to proof at trial. Plaintiff is entitled to recover compensatory damages totaling no less than a reasonable royalty.

23. Strutta continues to offer for sale, sell, design, operate, or administer contests based on a template that infringes the '641 patent.

24. Unless Strutta is enjoined by this Court from continuing its infringement of the '641 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Plaintiff is entitled to an injunction against further infringement.

25. Upon information and belief, the Defendant had constructive notice of the '641 patent as of the date of issuance, September 13, 2011. In addition, Opus One has practiced the patented technology on its website, www.makeastar.com, since at least the date of issuance of the '641 patent.

**COUNT THREE:  INFRINGEMENT OF THE '715 PATENT BY STRUTTA**

26. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-5.

27. The '715 patent is valid and enforceable.

28. Upon information and belief, and in violation of 35 U.S.C. § 271, Strutta has infringed the '715 patent through direct infringement and infringement under the doctrine of equivalents.  Since at least 2011, Strutta has offered for sale, sold, designed, operated, or administered infringing contests in the United States, including offering for sale and designing contests based on a template that infringes the '433 patent.

29. Strutta has also offered for sale, sold, designed, operated, or administered at least the following infringing contests in the United States: the Men's Health + Facebook Contest (a contest that took place in summer 2011), the Maggiano's Bliss List Contest (a contest which ran in 2015, picking winners on March 30, 2015), and Airbnb Destination: Honeymoon Contest (a contest that concluded in September 2011) (hereinafter "the Contests"). Specifically, the Contests infringe the subject matter protected by claim 1 of the '715 patent.

30. Some of Strutta's acts constituting infringement of claim 1 of the '715 patent are detailed in Exhibit 3, attached.

31. Upon information and belief and in violation of 35 U.S.C. § 271, the Defendant also contributed to or induced infringement of one or more of the claims of the '715 patent.

32. As a direct and proximate result of the Defendant's acts of infringement, Plaintiff has suffered damages in an amount according to proof at trial. Plaintiff is entitled to recover compensatory damages totaling no less than a reasonable royalty.

33. Strutta continues to offer for sale, sell, design, operate, or administer contests based on a template that infringes the '715 patent.

34. Unless the Defendant is enjoined by this Court from continuing its infringement of the '715 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Plaintiff is entitled to an injunction against further infringement.

35. Upon information and belief, the Defendant had constructive notice of the '715 patent as of the date of issuance, February 18, 2014. In addition, Opus One has practiced the patented technology on its website, www.makeastar.com, since at least the date of issuance of the '715 patent.

## PRAYER FOR RELIEF

Plaintiff Opus One prays for judgment and relief as follows:

A) Judgment that the '433, '641, and '715 patents are valid and enforceable;

B) Judgment that the Defendant, its directors, officers, employees, attorneys, and agents, and all those persons acting in active concert or in participation with them, and their successors and assigns, be enjoined from further acts that infringe, contributorily infringe, or induce infringement of the '433, '641, and '715 patents pursuant to 35 U.S.C. § 283;

C) Judgment the Defendant be ordered to pay damages adequate to compensate Opus One for infringement of the '433, '641, and '715 patents pursuant to 35 U.S.C. § 284, together with interest, including pre-judgment interest from the date infringement of the '433, '641, and '715 patents began;

D) Judgment that the Defendant directly committed, induced, or contributed to willful infringement of the '433, '641, and '715 patents and that the Defendant be ordered to pay treble damages pursuant to 35 U.S.C. § 284;

E) Judgment that the Defendant be ordered to pay all costs and expenses incurred by Opus One associated with this action pursuant to 35 U.S.C. § 284;

F) Judgment that this case is exceptional, and that the Defendant be ordered to pay all of Opus One's attorney fees associated with this action pursuant to 35 U.S.C. § 285; and

G) Judgment that Opus One be granted any other relief as this Court finds just and proper.

**DEMAND FOR JURY TRIAL**

36. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

FISH & TSANG, LLP

Dated: March 25, 2016     By: /s/Joseph Andelin
                              Joseph Andelin, Esq.
                              Attorneys for Plaintiff
                              Opus One, Inc.